```
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE
```

Scholz Design, Inc.

    v.                                    Civil No. 09-cv-401-JD

Custom Homes of Great Bay, Inc.


                                  O R D E R


    Scholz Design, Inc. brought a copyright infringement action against Custom Homes of Great Bay, Inc. and John Doe, identified as the architect for two homes built in North Hampton, New Hampshire.  On January 5, 2010, Custom Homes filed its answer to the complaint and a motion for sanctions under Federal Rule of Civil Procedure 11(b).  Two days later, Scholz Design filed an amended complaint.  Scholz Design objects to Custom Homes's motion for sanctions.

    Custom Homes contends in its motion that the factual allegations in the complaint lack evidentiary support, that it was merely the builder of the homes, not the developer as alleged, and cites other errors in the complaint.  Custom Homes also argues that the complaint was filed for an improper purpose, based on Scholz Design's demand before filing suit and the number of similar suits filed by Scholz Design.  As a result, Custom Homes contends that the Scholz Design's complaint violates Rule 11(b) and requests that sanctions be imposed under Rule 11(c).

If the court determines that a party has violated Rule 11(b), the court may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1). Under Rule 11(c), however, a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The twenty-one day window between serving the motion and filing it with the court provides a "safe harbor . . . to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Young v. City of Providence, 404 F.3d 33, 39 (1st Cir. 2005).

Scholz Design represents that Custom Homes failed to serve its motion before filing the motion with the court, as is required by the safe harbor provision in Rule 11(c)(2). Nothing in the motion itself indicates that Custom Homes complied with the requirement of Rule 11(c)(2), and Custom Homes does not provide another showing that the motion was served more than twenty-one days before it was filed. In fact, the certification of service states only that the motion was electronically filed

and does not indicate any attempt to obtain concurrence from Scholz Design's counsel.  See LR 7.1(c).

No unusual circumstances appear here that would excuse Custom Homes from complying with the safe harbor requirement. Therefore, the motion for sanctions is denied.  See Brickwood Contractor, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 397 (4th Cir. 2004)); Shannon v. Houston, 2009 WL 2951930, at *2 (D. Neb. Sept. 14, 2009) (collecting cases); Evans v. Taco Bell Corp., 2005 WL 2333841, at *14 (D.N.H. Sept. 23, 2005).

## Conclusion

For the foregoing reasons, the defendant's motion for sanctions (document no. 9) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 8, 2010

cc:  Robert M. Derosier, Esquire
     Holly M. Polglase, Esquire